UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>         Defendants.<br>NOAM GLICK,<br><br>         Movant | No. 2:24-mc-0002 KJM DB |
| B&G FOODS NORTH AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>         Defendants.<br>JAKE SCHULTE,<br><br>         Movant. | No. 2:24-mc-0003 KJM DB |

1

|   |   |
|---|---|
| B&G FOODS NORTH AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>　　　　Defendants.<br><br>SHAUN MARKLEY,<br><br>　　　　Movant | No. 2:24-mc-0011 KJM DB |
| B&G FOODS NORTH AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>　　　　Defendants.<br><br>CRAIG NICHOLAS,<br><br>　　　　Movant | No. 2:24-mc-0014 KJM DB<br><br>**ORDER** |

This matter came before the undersigned on April 12, 2024, for hearing of movants' motions to quash pursuant to Local Rule 302(c)(1).[1] (ECF No. 21[2].) Attorneys Matthew Borden and David Kwasniewski appeared on behalf of plaintiff. Attorney Jake Schulte appeared on behalf of the movants. Oral argument was heard, and plaintiff's motions were taken under submission.

Movants are defense counsel in the matter of B&G Foods North America, Inc. v. Kim Embry/EHA, No. 2:20-cv-0526 KJM DB. In that action plaintiff is proceeding on a second amended complaint filed on November 23, 2022. The second amended complaint alleges that

---

[1] These cases were related on February 13, 2024. (ECF No. 11.)

[2] This order will cite to the docket from case No. 2:24-mc-0002 KJM DB.

2

plaintiff sells a variety of high-quality frozen and shelf-stable foods throughout the country, including the Cookie Cakes and Sandwich Cookies sold under the SNACKWELL'S® brand.  In 1990, the California Office of Environmental Health Hazard Assessment added acrylamide to its list of known carcinogens that may be regulated under California's Proposition 65.  Defendants allegedly engaged in "sham litigation" by suing plaintiff due to the presence of acrylamide in plaintiff's cookies.  Defendants allegedly knew these allegations were false.  See generally California Chamber of Commerce v. Becerra, 529 F.Supp.3d 1099, 1123 (E.D. Cal. 2021) ("While this action is pending and until a further order of this court, no person may file or prosecute a new lawsuit to enforce the Proposition 65 warning requirement for cancer as applied to acrylamide in food and beverage products.").

Here, movants seek to quash plaintiff's subpoenas to depose defense counsel in the matter of B&G Foods North America, Inc. v. Kim Embry/EHA, No. 2:20-cv-0526 KJM DB.  (JS (ECF No. 17) at 1-2.)  While deposing opposing counsel is not prohibited "courts have recognized the deposition of an opposing party's counsel can have a negative impact on the litigation process and these depositions are therefore discouraged."  Stevens v. Corelogic, Inc., Case No.: 14cv1158 BAS (JLB), 2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015).  Circumstances where such a deposition should be granted are "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); see also Labbe v. Dometic Corporation, No. 2:20-cv-1975 DAD DMC, 2024 WL 992242, at *2 (E.D. Cal. Mar. 7, 2024) ("Though the Ninth Circuit has not ruled on the matter, the heightened Shelton criteria are widely applied by courts in this district and throughout the Ninth Circuit.").

"Case law makes clear that, short of demonstrating 'the propriety and the need for the deposition,' counsel may not be deposed."  Shaughnessy v. LVNV Funding, LLC, Case No. 20-CV-1809 DMS WVG, 2021 WL 1238876, at *3 (S.D. Cal. Apr. 2, 2021) (quoting Townsend v.

////

3

Imperial Cnty., No. 12-cv-2739 WQH (PCL), 2014 WL 2090689, at *3 (S.D. Cal. May 19, 2014)).

Movants assert in the Joint Statement that plaintiff has not yet deposed defendant Embry or defendant EHA's 30(b)(6) designee.  (JS (ECF No. 17 at 18.)  At the April 12, 2024 hearing counsel for movants stated that plaintiff also had not deposed the laboratory used by defendants.  Counsel for plaintiff confirmed the accuracy of these representations at the April 12, 2024 hearing.

Plaintiff argues that plaintiff has deposed defendant Embry and defendant EHA's former CEO in a state court action.  (JS (ECF No. 17) at 21-22.)  Although the undersigned was able to locate excerpts of those depositions provided by plaintiff, the undersigned was not able to locate complete copies of the deposition transcripts.  While it is certainly possible that the undersigned simply could not locate them, plaintiff is advised that Local Rule 133(j) requires that upon filing "a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers" or that they provide "an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the . . . Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties."

At the April 12, 2024 hearing, plaintiff's counsel argued that the documents sought in connection with the depositions are equally important to plaintiff.  Plaintiff's counsel repeatedly urged the undersigned to consider the case of Natural-Immunogenics Corp. v. Newport Trial Group, Case No. 8:15-cv-2034 JVS (JCGx), 2018 WL 6137634 (C.D. Cal. Aug. 23, 2018), as it relates to the crime-fraud exception to the attorney-client privilege.

The Supreme Court has "recognized the attorney-client privilege under federal law, as 'the oldest of the privileges for confidential communications known to the common law.'" U.S. v. Zolin, 491 U.S. 554, 562 (1989) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)).  "Notwithstanding its importance, the attorney-client privilege is not absolute.  The 'crime-fraud exception' to the privilege protects against abuse of the attorney-client relationship[.]" In re Napster, Inc. Copyright Litigation, 479 F.3d 1078, 1090 (9th Cir. 2007).

4

As the Supreme Court has observed:

> The attorney-client privilege must necessarily protect the confidences of wrongdoers, but the reason for that protection – the centrality of open client and attorney communication to the proper functioning of our adversary system of justice – "ceas[es] to operate at a certain point, namely, where the desired advice refers *not to prior wrongdoing*, but *to future wrongdoing*."

Zolin, 491 U.S. at 562-63 (citations omitted) (emphasis in original); see also In re Grand Jury Investigation, 810 F.3d 1110, 1113 (9th Cir. 2016) ("Under the crime-fraud exception, communications are not privileged when the client 'consults an attorney for advice that will serve him in the commission of a fraud' or crime." (citations omitted)).

The Immunogenics decision, however, arose in response to a motion to compel the production of documents. Here, before the undersigned are movants' motions to quash deposition subpoenas. (ECF No. 18-1 at 2.) Those motions should be granted due to plaintiff's failure to conduct preliminary discovery. That does not appear to have been an issue in the Immunogenics case. While the deposition subpoenas here do include a request for production of documents, the undersigned is not going to engage in the crime-fraud analysis of potentially attorney-client privileged documents where plaintiff: (1) has not completed preliminary discovery such as the deposition of the defendants, and (2) has not brought a motion to compel that solely addresses the crime-fraud exception with clear, specific, and precise briefing.

Maybe it is true that defendant Embry will provide the same deposition testimony previously provided. However, before the undersigned will engage in the unusual practice of allowing the deposition of opposing counsel or ordering the production of documents that maybe protected by the attorney-client privilege, plaintiff should exhaust the preliminary tools of discovery to ensure that no other means exist to obtain the information than to depose opposing counsel and/or file a targeted motion to compel that establishes clearly and with specificity that the crime-fraud exception is appropriate.[3] See Townsend, 2014 WL 2090689, at *3 ("Thus, it is

---

[3] As noted above, plaintiff may renew the issue of deposing defense counsel after completing preliminary discovery. Plaintiff may also renew the issue of obtaining the documents sought by bringing a motion to compel solely addressing that issue. The completion of preliminary discovery would greatly aid the resolution of that dispute.

clear that Plaintiffs have not exhausted all avenues to the information they seek; Shelton's first prong has failed.); Central Vermont Public Service Corp. v. Adriatic Ins. Co., 185 F.R.D. 179, 179 (D. Vt. 1998) ("the record presently before the Court does not suggest Mendes & Mount is the only repository of the information plaintiff seeks, or that the plaintiff has attempted to conduct discovery relating to the investigation of claims through other available sources").

Accordingly, IT IS HEREBY ORDERED that movants' December 29, 2023 motions to quash are granted.[4]

Dated: April 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/b&g002.oah.0412

---

[4] The undersigned declines movants' request for sanctions at this time.